UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

BRIAN ALLEN,                        )
                                    )
            Petitioner,             )   Case No.  CV 14-267-DDP(AJW)
                                    )
v.                                  )
                                    )
E. VALENZUELA, Warden,              )   MEMORANDUM AND ORDER
                                    )   DISMISSING PETITION
            Respondent.             )
_____)

     In 1995, petitioner was convicted of first degree residential burglary in Los Angeles County Superior Court Case No. BA104022.  In addition, the allegations that petitioner suffered two prior felony convictions were found true.  [Petition at 2].  He was sentenced to state prison for a term of 35 years to life. [Petition at 2].

     In 1999, petitioner filed a petition for a writ of habeas corpus in this Court challenging his 1995 conviction.  Case No. CV 99-5540-DDP(AJW).  The petition was denied on the merits on August 17, 2001. The Ninth Circuit Court of Appeals denied petitioner's application for a certificate of appealability.

The present petition was filed on January 13, 2014.  Like the petition previously filed by petitioner, this petition challenges the validity of petitioner's 1995 conviction and sentence in the Los Angeles County Superior Court.  [Petition at 2].

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A federal court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and those new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).  It is not the district court, however, that decides whether a second or successive petition may proceed.   Rather, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   28 U.S.C. § 2244(b)(3)(A).  Absent authorization from the Court of Appeals, this Court lacks jurisdiction over this second or successive petition. Burton v. Stewart, 549 U.S. 147, 152-153, 157 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

\\

\\

\\

\\

1    Because petitioner has not obtained leave from the Court of
2 Appeals to file a successive petition, the petition for a writ of
3 habeas corpus is dismissed for lack of jurisdiction.

4    **It is so ordered.**

5

6 Dated:  <u>  March 27, 2014 </u>

7

8                                    _____
                                     Dean D. Pregerson
9                                    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28